WIENER, Circuit Judge,
Specially Concurring:
When we dismiss an appeal for lack of jurisdiction, we generally write nothing because anything else would be dicta. In this instance, however, I write briefly as a prudential matter in the belief that doing so might be of assistance to the district court. When, at oral argument, counsel alerted us to the possible flaw in appellate jurisdiction, they also reiterated a central point of contention from their appellate briefs, viz., whether or not there is also a problem regarding subject matter jurisdiction -specifically, whether there is an absence of pure diversity of citizenship. On remand, the district court might wish to re-examine its ruling on subject matter jurisdiction, keeping in mind that, if the court is to have such jurisdiction grounded in diversity of citizenship, Boatner must be not only a non-resident of Louisiana but also a resident of some other state, presumably Florida. This is because a United States citizen who, for purposes of diversity, does not reside anywhere in this country is neither a citizen of any state nor an alien, and is therefore not susceptible to the jurisdiction of the federal courts. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989).